IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ELIJAH DOWDLE**                                                     **PLAINTIFF**

v.                                                                           CAUSE NO. 1:20cv135-LG-RPM

**STONE COUNTY CORRECTIONAL**
**FACILITY, ET AL.**                                                    **DEFENDANTS**

## ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. The *pro se* plaintiff, Elijah Dowdle, filed this lawsuit on April 4, 2020, claiming that he was wrongfully incarcerated, denied due process, denied a fair and speedy trial, denied medical treatment, and denied a bond reduction while incarcerated at Stone County Correctional Facility in Wiggins, Mississippi.

On June 25, 2020, the Court entered an [19] Order directing Dowdle, on or before July 9, 2020, to file a signed version of his [11] Notice of Names of Wiggins City Officials Involved, that provides the names of the defendants employed by the City of Wiggins. Dowdle was warned that failure to timely comply with the requirements of the [19] Order may lead to the dismissal of his Complaint. In turn, the Court's [19] Order, along with other orders issued in the month of June, were returned as undeliverable. (*See* Docket, ECF Nos. 21-24). Since Dowdle is proceeding *pro se*, he was provided one additional opportunity to comply with the Court's Order. On July 22, 2020, the Court entered an [25] Order to Show Cause, directing Dowdle to show cause by August 5, 2020, why this case should not be

dismissed for failure to obey the Court's prior Order. The Order to Show Cause also directed Dowdle to provide the Court with his current address. Specifically, it warned Dowdle that his "failure to timely comply . . . will result in this cause being dismissed without further notice." (Order to Show Cause at 1-2, ECF No. 25). Thereafter, the Order to Show Cause was returned by the postal service as refused with the notation "INMATE NO LONGER AT THIS FACILITY." (Docket, at 1, ECF No. 27).

The record reflects that Dowdle has been warned, on seven prior occasions, that his failure to keep the Court informed of his current address would lead to the dismissal of this case. (*See* Order to Show Cause, at 1-2, ECF No. 25; Order, at 1, ECF No. 19; Order, at 2, ECF No. 17; Order, at 1-2, ECF No. 13; Order, at 2, ECF No. 4; Order, at 2, ECF No. 3; Notice of Assign., Ex. 3, at 1, ECF No. 1-3). Dowdle has not contacted this Court since May 15, 2020, he has not complied with multiple Court Orders, and he has not advised the Court of his current address. As previously noted, the Court warned Dowdle on numerous occasions that failure to comply with Orders or failure to keep the Court informed of his current address would lead to the dismissal of this case. It is apparent from Dowdle's failure to comply with the Court's Orders that he lacks interest in pursuing this case.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a court's orders under Fed. R. Civ. P. 41(b) and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*,

370 U.S. 626, 630-31 (1962).  The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Id.*  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.  As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile.  *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005).  Dismissal without prejudice is warranted.

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).

**SO ORDERED AND ADJUDGED** this the 25th day of August, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE